Maurice Wahl, J.
The landlord seeks in this holdover proceeding to obtain possession of the tenant’s premises as a statutory tenant under the Business Rent Law (L. 1945, ch. 314, as amd.) and pursuant to section 8 (subd. [gg], par. [1]). The facts have been conceded by both parties. The space occupied by the tenant, a physician, for the practice of his profession, is located on the street floor of an apartment building, in a Class A multiple dwelling, at 1133 Park Avenue, New York County. Access to the tenant’s premises is obtained by entering the building through the main entrance in the lobby on the street floor.
The last written lease made with the tenant was for a term of one year beginning October 1, 1946, and upon the expiration of the term, the tenant has continued in possession as a statutory tenant. On February 28,1958, the landlord offered to enter into a lease with the tenant for a term to commence on April 1, 1958 and to expire on June 30, 1958, on substantially the same terms as the expired lease and at a rental in the same amount as the emergency rent. The tenant refused to sign the lease, and a period of six months has since elapsed.
The landlord maintains that the doctor’s premises is a “ store ” within the meaning of section 8 (subd. [gg], par. [1]) of the rent laws, and he is therefore entitled to possession of *588 the premises. It is the tenant’s contention that the doctor’s offices, where he practices his profession, is not a “ store ” within the meaning of the section and that, therefore, the petition should be dismissed.
The only issue is whether or not the premises occupied by the tenant is a “ store ” within the meaning of section 8 (subd. [gg], par. [1]).
Section 8 (subd. [gg], par. [1], as amd. by L. 1956, chs. 735, 736) provides as follows:
“ So long as the tenant continues to pay the rent * * * under the provisions of this act, no tenant shall be removed from any business space * * * unless: * * *
“ (gg) (1) The landlord on or after June first, nineteen hundred fifty-six, offers to enter into a lease with a tenant in possession of a store under an expired lease or tenancy or as a monthly or statutory tenant for a term to commence on the first day of the month next succeeding the twentieth day after the mailing of such offer as hereinafter provided and to expire on June thirtieth, nineteen hundred fifty-eight, at a rental in the same amount as the emergency rent with respect to the store occupied by the tenant and otherwise on substantially similar terms and conditions as existing with respect to such tenancy not inconsistent with any of the provisions of this act, and such offer is transmitted by the landlord to the tenant by registered mail, and such tenant fails, neglects or refuses to execute such lease within such period of twenty days, and a further period of six months elapses subsequent to such failure, neglect or refusal of the tenant; or ”.
The Commercial Rent Laws (L. 1945, ch. 3, as amd. by L. 1954, ch. 446) define “ commercial space ”, “ store ” and “ office ” as follows (§ 2):
“ (a) ‘ Commercial space.’ Any space, including space used as a parking lot for motor vehicles, used or occupied for commercial purposes in any city other than space used or occupied as a store or office.
“(b) ‘ Commercial purposes. ’ The manufacture, sale, resale, processing, reprocessing, displaying, storing, handling, garaging or distribution of personal property.
“(c) ‘ Store. ’ Any space predominantly used or occupied by a tenant for the sale of personal property or the rendition of services in the ordinary course of business, provided that such rental space shall also include space for the conduct of such business on the street floor or level.
“ (d) ‘ Office. ’ Any space used or occupied under a lease or rental agreement as a separate business unit in any building *589 which space is predominantly used or occupied for other than commercial purposes.”
Subdivision (a) of section 2 of the Business Rent Law (as amd. by L. 195t, eh. 447) defines business space as: “ All rental space in any city other than (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels and dwelling space in rooming houses, apartment houses, dwelling and other housing accommodations, except, on and after March first, nineteen hundred fifty-two, a building in which at least sixty per centum of the total rentable area and sixty per centum of the total number of units formerly used as dwelling space, is lawfully occupied as business space on such date; (3) piers, docks and wharf properties; (4) places of public assembly; and (5) turkishbaths.”
This section also defines “ store ” space in the same manner as in section 2 of the Commercial Rent Law.
It should be noted that subdivision (k) of section 8 of both the Commercial and Business Rent Laws, which deals with “ matched lease deals ” relative to “ stores ”, contains a definition of “ store ” as follows: “ As used in this subdivision the word ‘ store ’ shall mean [‘ commercial ’ or ‘ business ’] space at street level and two floors above and below street level or any part thereof, provided it includes space at street level, used or to be used and/or occupied or to be occupied by a tenant for the sale of personal property and/or the rendition of services in the ordinary course of business.” (As amd. by L. 1952, chs. 416, 417.)
In interpreting what constitutes a 1 ‘ store ’ ’ under this section, it has been held that space called office space on the second floor is “ store ” space and that other space used as “ cooler snace ” on the same floor is also “ store ” space. (Washington Refriq. Corp. v. Benhermax Corp., 285 App. Div. 732, affd. 1 NY 2d 683.)
It has also been held in interpreting subdivision (k) of section 8 that a one-story garage building in which the tenant conducted a public garaging business, including the sale of gasoline, constitutes a “ store ” within the meaning of subdivision (k) of section 8. (Bauer v. Bar Garage Corp., 204 Misc. 640.)
Both the definitions as to what constitutes a “ store ” in subdivision (k) of section 8 of the Commercial and Business Rent Laws, which relates to ‘ ‘ matched leases ’ ’ and the definitions contained in subdivision (c) of section 2 of the Commercial Rent Law are the same to the extent that “ store ” as defined as space used or occupied by a tenant for the sale of personal property *590 or the rendition of services in the ordinary course of business. The only essential difference is that in subdivision (k) of section 8, space two floors above and below street level may nevertheless be “ store space ”, and under section 2 of the Business and Commercial Bent Laws, to constitute “ store ” space the premises must be on street level.
It thus appears that the physical aspect of the premises is not the test as to what constitutes a store under the definitions, but rather it is the location and the use thereof by the tenant. It is apparent that under section 8 (subd. [gg], par. [1]), space which is not on street level would not come within the definition of “ store ”. It must be on the street floor level to constitute a “ store ” within the meaning of the subdivision, and provided it is “ occupied by a tenant for the * * * rendition of services in the ordinary course of business ”.
Tenant urges that the practice of the profession of medicine by a doctor is not the rendition of services in the ordinary course of business. The court cannot agree with this limited application of the term “ business ”. The statute makes no distinction between the professions and business as such, and the Legislature could not have intended to limit the word “ business ” to mean a nonprofessional pursuit. For all practical purposes, a professional person, whether a doctor or a lawyer, conducts a business when he maintains an establishment for the treatment of patients or advising clients. It is not uncommon in New York City, for professional persons to occupy and maintain their offices in stores on street level for the practice of their professions. The legislators could not have intended that an optometrist, a stenographer, or an osteopath, and any other persons who render personal services and maintain their offices in stores on street floor level may be evicted under the section, but doctors and lawyers may not because they are professional persons.
“ Office ” is defined (Commercial Bent Law, § 2, subd. [d], supra) as space occupied “as a separate business unit”. It would then follow, if tenant’s argument is pursued to its logical conclusion, that space occupied professionally by a doctor is neither store, nor office within the meaning of the emergency statute, nor is it business space. Accordingly, this space is not entitled to the protection of the statute; clearly, a reductio ad absurdum, and not acceptable. It is this court’s opinion that the tenant, although a physician practicing the profession of medicine, is a person rendering “ services in the ordinary course of business ’’within the meaning of paragraph (1) of subdivision (gg)-
Final order for the landlord.